UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CHRISTOPHER JASON CLARK, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 1:19-CV-509-HAB |
| ALLEN COUNTY CHILD SUPPORT, et al., | |
| Defendants. | |

## OPINION AND ORDER

Christopher Jason Clark, proceeding without counsel, seeks leave to proceed in forma pauperis [ECF No. 2]. He has filed a Complaint [ECF No. 1] naming Allen County Child Support and a clerk of the Allen County Child Support Office. According to the Complaint, Defendants are liable to Plaintiff for "private use of [his] Tradename/Trademark via [his] fee schedule record" in Allen County records. (Compl. at 3.) Plaintiff also requests that Defendants cease and desist from using his "Tradename/Trademarked information without a proper licensing agreement." (*Id.*) He asserts that his name, Christopher Jason Clark, enjoys common law copyright protection.

For the reasons set forth below, Plaintiff's Motion is denied, and Plaintiff's Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C.

§ 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

The Court turns to the second inquiry, as it is dispositive. District courts have authority under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and must provide "sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). A plaintiff can also

plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).

Federal courts are courts of limited jurisdiction, *see Johnson v. U.S. Office of Personnel Mgmt.*, 783 F.3d 655, 660 (7th Cir. 2015), and the Plaintiff has the burden to establish subject matter jurisdiction. *See Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). In civil actions, federal district courts most commonly exercise federal question jurisdiction or diversity jurisdiction over cases or controversies. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").

Plaintiff's lawsuit is premised on the assertion that his name is a "common-law copyrighted work." (Compl. at 2.) For purposes of jurisdiction, the Court will presume that the reference to common law is a reference to federal law. Nevertheless, a person's name is not subject to copyright protection. The Copyright-Patent Clause of the Constitution provides that "Congress shall have Power . . . To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. Art. I § 8, cl. 8. Copyright is concerned with the rights of authors to control the reproduction and use of their original intellectual creations. *See, e.g., Harper & Row Publishers, Inc. v. Nation Enters.*,

3

471 U.S. 539 (1985). None of the factual allegations in the Complaint plausibly support a claim for copyright protection or infringement.

Plaintiff's Complaint also references the use of his "Tradename/Trademark." "Congress passed the Lanham Act in 1946 to 'federalize' existing common law protection of trademarks used in interstate commerce." *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 672 (7th Cir. 2001). Under federal law, a trademark is a compact symbol that conveys information about products or services to potential buyers. *See* 15 U.S.C. § 1127 (defining trademark to include "any word, name, symbol, or device or any combination thereof" used by any person "to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown."). A "trade name" is "any name used by a person to identify his or her business or vocation." 15 U.S.C. § 1127. Plaintiff has not alleged that his name is used to identify his business or vocation. No consumer or commercial transaction, or sale of goods, is implicated by the Complaint's factual allegations. Commerce is not the topic of any of the Complaint allegations.

The Complaint states no viable cause of action for the Allen County Child Support Office's use of Plaintiff's name in its records. Normally, before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii), a court should give the litigant, especially a pro se litigant, an opportunity to amend his complaint, unless "it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (emphasis in *Tate*). Here, the laws that

4

Plaintiff has attempted to invoke do not apply to the factual scenario of using his name in child support records. Nor can the Court conceive of any that would. Although the deficiencies in Plaintiff's Complaint do not appear curable, the Court will permit Plaintiff to submit an amended complaint before deciding whether to dismiss the suit in its entirety.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2];

(2) DISMISSES WITHOUT PREJUDICE the Complaint [ECF No. 1];

(3) GRANTS the Plaintiff until December 27, 2019 to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4) CAUTIONS the Plaintiff that if he does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on December 4, 2019.

                                           s/ *Holly A. Brady*
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT